UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                                  Case Number: 3:15-cr-175-J-32JBT

KYLE ADAM KIRBY
_____/

## MOTION TO SUPPRESS STATEMENTS

**COMES NOW**, the Defendant, **KYLE KIRBY**, by and through his undersigned counsel, and moves this Court to suppress all statements given to Chief Williams on October 22, 2015 as being a violation of Miranda.

## SUMMARY OF FACTS

On October 22, 2015 the FBI agents conducted a custodial interrogation of the defendant at the Live Oak Police Department. Special Agent Beccaccio read the defendant his constitutional rights from the FBI FD-395 "Advice of Rights Form". When the form was passed to the defendant for signature he invoked his right to remain silent and stated he wanted to speak to an attorney. The FBI agents terminated the interview. Chief Williams of the Live Oak Police Department was informed that the defendant had invoked his rights by the FBI and asked the FBI if he could speak to the defendant. The defendant did not request to speak to Chief Williams or re-initiate contact before Chief Williams entered the room where the defendant was present. Chief Williams then questioned the defendant without the benefit of "cleansing warnings", another reading of the defendant constitutional rights or the defendant requesting to speak to law enforcement again. The defendant per the government's proffer at the detention hearing made the following statement that there would be pictures of young girls on his stuff and media. (Thus,

the defendant stated there would be child pornography on his police computers, stuff and/or media.)

On October 22, 2015 Special Deputy U.S. Marshal Jimmy Watson described the interrogation of Kirby, Kirby invoking his right to an attorney and remain silent, termination of the interview, and the re-initiation of the interrogation by Law Enforcement (Chief Williams) without the defendant requesting to speak to Law Enforcement.

On October 22, 20015 on page 4 of the Search Affidavit swore to by Special Deputy U.S. Marshal Jimmy Watson the FBI stated in a search affidavit presented to state court Judge Fina:

> Chief Williams went in on his own discretion and spoke with Kirby. Chief Williams spoke with Kirby and then made contact with Special Agent Beccaccio and myself. Chief Williams told us that he had inquired if Kirby felt that he would hurt himself due to the investigation. Chief Williams also asked Kirby what they would find. Kirby told Williams that he did not own any computers other than the one issued by LOPD. Chief Williams stated he had encouraged Kirby to speak with us and tell the truth about what he knew. Chief Williams stated that he asked Kirby if " they would find any searches for young girls" on his "stuff". Kirby told Chief Williams "yes". Chief Williams ,again told us that Kirby would not speak without a lawyer present.

## ARGUMENT

All statements given to Chief Williams on October 22, 2015 should be suppressed due to Chief Williams' questioning being a violation of Miranda and the defendant did not re-initiate the interview.

## MEMORANDUM OF LAW

In <u>Miranda v. Arizona</u> 384 U.S. 436 (1996) at 444-445, the United States Supreme Court stated:

> Prior to any questioning, the person must be warned that he has a (1) right to remain silent. (2) that any statement he does make may be used as evidence against him, and (3) that he has a right to the presence of an attorney, (4) either retained or appointed...[I]f the individual is alone and **indicates in any manner** that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some question or volunteered some statements on his own does not deprive him of the right to refrain from answering (bolding added).

The U.S. Supreme Court further in Miranda states:

> **Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease.** At this point he has shown that he intends to exercise his Fifth Amendment privilege; **any statement taken after the person invokes his privilege cannot be other than the product of compulsion or otherwise.** Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked. (bolding added)

In <u>Davis v. United States</u> 512 U.S. 452, 461, 114 S.Ct 2350, 129 L.Ed2d 362 (1994) the Supreme Court states:

Once the police have properly administered Miranda warnings to a suspect, and the suspect validly waives those rights, law enforcement need only cease questioning upon an unequivocal invocation to terminate the interrogation.

In <u>Deviney v. Florida</u> 112 So3rd 57 at 74 (Fla 2013) the Florida Supreme Court stated as follows:

> As provided in **Miranda** when determining whether an individual has invoked his or her right to remain silent, an officer must consider "**any manner**" in which the defendant may have invoked that right, Miranda, 384 U.S. at 473-74, 86 S.Ct 1602 (emphasis added), meaning that there are no magic words a defendant must use to invoke that right.

The Florida Supreme Court in Deviney at 74-75 further stated:

> Further, such an invocation may include not only the words of a defendant, but also his or her **conduct.** (emphasis added)

In <u>Missouri v. Seibert</u>, 542 U.S. 600 (2004), police engaged in a common interrogation tactic of questioning the suspect. Once they obtained the confession, they would read the suspect her rights, get a waiver, and then obtain a second confession. The Supreme Court held that the warned confession was inadmissible, since the police's deliberate tactic of withholding Miranda warnings elicited an initial confession that was used to undermine the "compensability and efficacy" of the subsequent Miranda warnings. Under the circumstances of the case, the Court concluded that it would have been reasonable for the suspect to regard the two phases of the interrogation as a continuum, especially since the officer referred back to the earlier admissions. The mere recital of Miranda warnings in the middle of is the continuous interrogation was not sufficient to separate the two phases in suspect's mind. Therefore, she would have concluded

that it would be unnatural for her not to repeat the same information she had just given. She would not have understood that she had a choice about continuing to talk.

**WHEREFORE,** the Defendant respectfully requests this Honorable Court grant this motion.

                                      LAW OFFICE OF JAMES A. HERNANDEZ

                                      /s/James A. Hernandez
                                      **JAMES A. HERNANDEZ, ESQUIRE**
                                      Florida Bar No. 0871303
                                      118 West Adams Street, Suite 500
                                      Jacksonville, FL 32202
                                      Tel. (904) 354-4499/Fax (904) 354-4403
                                      **ATTORNEY FOR DEFENDANT**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy hereof has been furnished to Rodney Brown, Assistant. U. S. Attorney, 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202 by electronic PACER delivery this 27th day of April 2016.

                                      /s/ James A. Hernandez
                                      **James A. Hernandez, Esquire**