UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case Number: 3:15-cr-175-J-32JBT

KYLE ADAM KIRBY
_____/

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

**COMES NOW**, the Defendant, **KYLE KIRBY,** by and through his undersigned counsel, and moves this Court to suppress all physical evidences (ie, photographs of child pornography) from the consent search granted by Detective Rountree Live Oak Police to the Federal Bureau of Investigation agents for a laptop computer Panasonic 9DTYA55692

## SUMMARY OF FACTS

On June 9, 2009 Panasonic PF 9DTYA55692 laptop computer (containing a Fujitsu computer hard disk drive serial number K62AT8C2819F) was issued to Officer Kyle Kirby by the Live Oak Police Department.  Said computer was the property of the Live Oak Police Department.  Officer Kyle Kirby had custody and control of said computer.  Officer Kirby utilized the computer for his work assignments within his patrol car and at his home.  Officer Kirby also used the computer for personnel matters.  Officer Kirby gave access to his family members for use of said computer.  There exist agreements and a Standard Operating Procedure for use of said Live Oak computers between the Officers and the Live Oak police Department.

In October 2015 Sgt Kyle Kirby was suspected of possessing child pornography.  On October 22, 2015 the FBI agents requested consent from and were give said consent by Detective Rountree of the Live Oak Police Department to seize and conduct a search on said computer.

## ARGUMENT

Sgt Kyle Kirby had an expectation of privacy to said laptop computer and his expectation was reasonable since said computer was assigned to Sgt Kirby. Sgt Kirby had possession of said computer, used said computer for work assignments, and used said computer for personal business and had personal files on said computer. Sgt. Kirby maintained custody and control over said lap-top that was assigned to him. Detective Rountree's consent to search said lap-top computer should be held invalid due to Sgt. Kirby's expectation of privacy in said computer and because Detective Rountree lacked the authority to consent to said search. All evidence obtained from the consent search given by Detective Rountree should be suppressed.

## MEMORANDUM OF LAW

*United States v. Chaves* 169 F.3d 687, (11th Cir. 1999) at 690 states: "As *Carter* teaches, "in order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable...Id." see also *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998).

Also in *Chaves* at 690 the Eleventh Circuit cites to *United States v. Garcia* 741 F.2d 363, 365-66 (11th Cir 1984) where the Court states "Legal Ownership is not a prerequisite for a legitimate expectation of privacy." As the Supreme Court has recognized, in a variety of contexts, even where a defendant does not own the property searched, he or she may nonetheless have a reasonable expectation of privacy in that place by virtue of his or her relationship with that place. See *Minnesota v. Carter* 99 S. Ct. 469 at 474 (1998).

The Eleventh Circuit in *Chaves* found at pages 690-691 "Although *Chaves* did not own or formally rent the warehouse, we believe that is his connection to the warehouse was sufficient to establish a reasonable expectation of privacy in the warehouse. See *Untied States v. Baron-*

*Mantilla*, 743 F.2d 898, 870 (11th Cir. 1984) finding that defendant who did not own or rent premises searched, "could have established a legitimate expectation of privacy by demonstrating 'an unrestricted right of occupancy or custody and control of the premises as distinguished form occasional presence on the premises as a mere guest or invitee.') quoting *United States v. Bachnere* 706 F.2d 1121, 1126 n6 (11th Cir 1983)). The circumstances here lead us to conclude that Chaves was no "mere guest or invitee," but instead was much closer to that of one who maintained both "custody and control" of the warehouse. Chaves had the only key to the warehouse, giving him a measure of control and ability to exclude others. While possession of a key with more, might not be sufficient to establish a reasonable expectation of privacy, see *Baron-Mantill* 743 F.2d at 870, Chaves seems to have had the only key and what is more he also kept personal business papers at the warehouse. In these circumstances the Fourth Amendment protects Chaves' privacy interest in the warehouse. See *Rakas v. Illinois* 439 U.S. 128 at 149 (recognizing that defendant in *Jones v. United States*, 362 U.S. 257, 80 S.Ct 725, 4 L.Ed. 2d 697 (1960) "could legitimately expect privacy" where he obtained a key to a friend's apartment, giving him "complete dominion and control over the apartment, " and he kept possessions there).

    As provided via discovery the SOP-806 (revised 07/13) states "The Assistant Chief or his/her designee shall be responsible for the overall management of all computer hardware and related software." The SOP does not give a written designation of the "Assistant Chief's " designee. The SOP allows supervisors of the Live Oak Police Officers the ability to perform inspections and maintenance on the Live Oak Police Computers. The Form FD-26 "Consent to Search" is invalid and violates the Fourth Amendment of U.S. Constitution since Detective Rountree did not have custody and control over said lap-top and was not the written designee of the Assistant Chief.

A consensual search is reasonable when the consent-giver has actual authority over the area searched. *United States v. Matlock*, 415 U.S. 164 (1974). A third party has actual authority when he has "mutual use of the property [and also has] joint access or control for most purposes. . . ." *United States v. Dearing*, 9 F.3d 1428, 1429 (9th Cir. 1993). "Common authority' rests on mutual use of the property by those generally having joint access or control so that it is reasonable to recognize that any of the parties has the right to permit inspection and others have assumed the risk that the third parties might consent to the search." *United States v. Yarbrough*, 852 F.2d 1522 (9th Cir. 1988). "The existence of consent to a search is not lightly to be inferred and the government always bears the burden of proof to establish the existence of effective consent." *United States v. Reid*, 226 F.3d 1020, 1025 (9th Cir. 2000). Finally, mere access to a residence or property does not establish actual authority to consent to search "We are mindful," the Ninth Circuit has held, "that 'mere access' to a residence, without more, is insufficient to establish [even]apparent authority." *Reid*, 226 F.3d at 1026 (citing Dearing, 9 F. 3d at 1430) (emphasis provided).

The Supreme Court in O'Conner v. Ortega 480 U.S.709 (1987) at 716 -17:

Within the workplace context, this Court has recognized that employees may have a reasonable expectation of privacy against intrusions by police. See Mancusi V. DeForte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968). As with the expectation of privacy in one's home, such an expectation in one's place of work is "based upon societal expectations that have deep roots in the history of the Amendment." Oliver v. United States supra 466 U.S. at 178 n. 8, 104 S.Ct. 1741, n. 8. Thus in Mancusi v. DeForte the Court held that a union employee who shared an office with other union employees had a privacy interest in the he office sufficient to challenge successfully the warrantless search of that office: "it has been settled that one has

standing to object to a search of his office, as well as oh his home...it seems clear that if DeForte had occupied a 'private' office in the union headquarter, and union records had been seized from a desk or a filing cabinet in that office, he would have had standing... In such a 'private office, DeForte would have been entitled to expect that he would not be disturbed except by personal or business invitees and that records would not be taken except with is permission or that of his union superiors." 392 U.S., at 369, 88 S.Ct. at 2124.

Given the societal expectations of privacy in one's place of work expressed in both *Oliver* and *Mancusi,* we reject the contention made by the Solicitor General and petitioners that public employees can never have a reasonable expectation of privacy in their place of work. Individuals do not lose Fourth Amendment rights merely because they work for the government instead of a private employer. The operational realities of the workplace, however, may make *some* employees' expectations of privacy unreasonable when an intrusion is by a supervisor rather than a law enforcement official. Public employees' expectations of privacy in their offices, desks, and file cabinets, like similar expectations of employees in the private sector, may be reduced by virtue of actual office practices and procedures, or by legitimate regulation. Indeed, in *Mancusi* itself, the Court suggested that the union employee did not have a reasonable expectation of privacy against his union supervisors. 392 U.S., at 369, 88 S.Ct., at 2124. The employee's expectation of privacy must be assessed in the context of the employment relation. An office is seldom a private enclave free from entry by supervisors, other employees, and business and personal invitees. Instead, in many cases offices are continually entered by fellow employees and other visitors during the workday for conferences, consultations, and other work-related visits. Simply put, it is the nature of government offices that others-such as fellow employees, supervisors, consensual visitors, and the general public-may have frequent access to

an individual's office. We agree with Justice SCALIA that "[c]onstitutional protection against *unreasonable* searches by the government does not disappear merely because the government has the right to make reasonable intrusions in its capacity as employer," *post,* at 1505, but some government offices may be so open to fellow employees or the public that no expectation of privacy is reasonable. Cf. *Katz v. United States,* 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967) ("What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection"). Given the great variety of work environments in the public sector, the question whether an employee has a reasonable expectation of privacy must be addressed on a case-by-case basis.

It should be noted that this motion to suppress is applicable only to the evidence that pertains to Count IV of the Superseding Indictment.

**WHEREFORE**, the Defendant respectfully requests this Honorable Court grant this motion.

LAW OFFICE OF JAMES A. HERNANDEZ

/s/James A. Hernandez
**JAMES A. HERNANDEZ, ESQUIRE**
Florida Bar No. 0871303
118 West Adams Street, Suite 500
Jacksonville, FL 32202
Tel. (904) 354-4499/Fax (904) 354-4403
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy hereof has been furnished to Rodney Brown, Assistant. U. S. Attorney, 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202 by electronic PACER delivery this 27th day of April 2016.

/s/ James A. Hernandez
**James A. Hernandez, Esquire**