UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 3:15-cr-175-J-32JBT

KYLE ADAM KIRBY

_____

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S OBJECTIONS TO MAGISTRATE'S REPORT AND
RECOMMENDATION ON DEFENDANT'S MOTIONS TO SUPPRESS**

The United States of America, by and through the undersigned Assistant United States Attorney, files this response to defendant's Objections to the Magistrate's Report and Recommendations on defendant's motions to suppress filed in this case on July 13, 2016 (Doc. 52).  For the reasons set forth below, this Court should overrule defendant's objections, adopt the Magistrate Judge's Report and Recommendation (Doc. 51), and enter orders denying defendant's Motion to Suppress Statements (Doc. 37) and Third Motion to Suppress Physical Evidence (Doc. 40) as moot, and denying the Motion to Suppress Physical Evidence (Doc. 38) and the Second Motion to Suppress Physical Evidence (Doc. 39).

**Objections at page 1, ¶ 1**

Defendant objects to the Magistrate Judge's finding and recommendation that "the Government proved by a preponderance of the evidence that Government Exhibit 3 reflected the operative City policy in October 2015."  Doc.

52 at 1; *see* Doc. 51 at 18.  He also argues that "there must be another superseding policy published by the City of Live Oak on its computers dated March 2014."  Doc. 52 at 2.  Defendant is mistaken – there is no evidence of any "missing" policy manual, and certainly not one that reverses City precedent and grants all City employees a newfound reasonable expectation of privacy in all City property.  Govt. Ex. 3 is the City Personnel Policies and Procedures Manual that was posted to the "Patrol-Info" folder on or about April 29, 2014, which Defendant was directed to review twice per day.  Doc. 51 at 18 (citing Govt. Ex. 3A; Tr. 109-11).  During the suppression hearing, Live Oak Police Department (LOPD) Capt. J. Daly confirmed on direct examination that Govt. Ex. 3 constituted "the policies and procedures that were in place in October of 2015," the time of the consent search of the City computers in this case.  Tr. 86.  Moreover, the Magistrate Judge correctly found and recommended that Captain Daly's testimony established "that Government Exhibit 3 was the attachment to the email (Govt. Ex. 3A), and [was] the latest City policy manual.  (Tr. 109-11).  *There was no evidence to the contrary.*"  Doc. 51 at 18 (footnote omitted; italics added).  Defendant's objections on this issue should be overruled.

**Objections at page 2, ¶ 2**

Next, defendant objects to the Magistrate Judge's finding and recommendation that defendant had no reasonable expectation of privacy in either of the City-owned computers that he used to download and collect child pornography.  Doc. 52 at 2; *see* Doc. 51 at 20.  Defendant is wrong, and his

2

objection continues to ignore applicable legal principles.  The Magistrate Judge correctly noted that the cases cited by defendant in his suppression motions regarding the privacy issue are "readily distinguishable because they do not address public employees' expectation of privacy in work computers."  Doc. 51 at 21, n. 9.  Likewise, defendant's objection only cites cases that are wholly irrelevant and do not speak to public employees' privacy interest in work computers.  *See* Doc. 52 at 3-4.  Defendant also turns a blind eye to the plain language of both the City's Internet Policy (Govt. Ex. 3 at 73) and the LOPD SOP-86 titled "Computers/Electronic Mail" (Govt. Ex. 4).  Conversely, the Magistrate Judge properly analyzed the expectation of privacy issue as well as the express language of the City's policy on work computers and the LOPD policy on patrol car computers.  Defendant's objections on this issue should be overruled.

**Objections at page 4, ¶ 3**

Lastly, defendant objects to the Magistrate Judge's finding and recommendation that LOPD Chief A. Williams, "as the highest ranking employee in the [LOPD], clearly had the authority to consent to the searches [of the City computers used by defendant] and to delegate formal execution of the written consents to [LOPD] Detective Rountree."  Doc. 51 at 4; *see* Doc. 51 at 22-23 (citation omitted).  In stark contrast to the Magistrate Judge's well-reasoned analysis (Doc. 51 at 22-23), defendant's bald objection fails to cite any relevant legal precedent addressing the authority of an employer to provide consent to

3

search an employee's computer.  Accordingly, defendant's objection on this issue should be overruled.

WHEREFORE, the United States respectfully requests that this Court (i) overrule defendant's Objections to Magistrate's Report and Recommendation on defendant's motions to suppress (Doc. 52), (ii) adopt the Magistrate Judge's Report and Recommendation (Doc. 51), and (iii) enter orders denying all four of defendant's motions to suppress.

        Respectfully submitted,

        A. LEE BENTLEY, III
        United States Attorney

By:   *s/ D. Rodney Brown*
        D. RODNEY BROWN
        Assistant United States Attorney
        Florida Bar No. 0906689
        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202-4270
        Telephone:   (904) 301-6300
        Facsimile:     (904) 301-6310
        E-mail: rodney.brown@usdoj.gov

**U.S. v. KYLE ADAM KIRBY**               Case No. 3:15-cr-175-J-32JBT

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James A. Hernandez, Esq.

*s/ D. Rodney Brown*
D. RODNEY BROWN
Assistant United States Attorney