UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.

Case No.: 3:15-CR-175(S1)67-J-32JRK

KYLE KIRBY

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, **KYLE KIRBY**, by and through his undersigned counsel, hereby files this memorandum of law for the Court's consideration at the sentencing hearing in this case, and states the following:

## MEMORANDUM OF LAW

The Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738. 755 (2005) made the federal sentencing guidelines advisory and thus drastically changed the way a district court conducts a sentencing hearing. After *Booker*, sentencing requires two steps. First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines, including adjustments and departures called for under the guidelines. *Gall v. United States*, 128 S. Ct. 586, 596, 169 L.Ed.2d 445 (2007), *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). Second, the district court must give each side the opportunity to argue for whatever sentence they deem appropriate and then must consider the statutory factors of 18 U.S.C. § 3553(a). The sentencing court may not presume that the Guidelines range is reasonable. *Gall*, 128 S. Ct. at 596-597.

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the

human failings that sometimes mitigate, sometimes magnify the crime and the punishment to ensue." Gall v. United States, 128 S. Ct. 586, 598 (2007) (citing *Koon v. United States*, 518 U.S. 81, 113, 116, S. Ct. 2035, 135 L.Ed.2d 392 (1996)).

In determining the reasonable sentence which satisfies the purposes of sentencing, the Defendant asks the court to consider the following:

1. **BACKGROUND**

   A. **THE NATURE & CIRCUMSTANCES OF THE OFFENSE.**

   The defendant was found guilty at trial of 3 counts of sexual exploitation of children for the purpose of producing child pornography, one count of possession or accessing with intent to view material involving sexual exploitation of prepubescent minors and possessing or accessing with intent to view material involving sexual exploitation of minors.

   B. **HISTORY AND CHARACTERISTICS OF DEFENDANT**

   1. **Early Childhood.** Mr. Kirby was born 3 months after his parents divorced. Mr. Kirby and his sisters had no contact with his father while he was growing up. Mr. Kirby did not re-connect with his father until he was 23 years old. Mr. Kirby was six years old when his mother remarried Mr. O'Malley. Mr. Kirby was verbally and physical abused by Mr. O'Malley.

   2. **Physical Condition of Defendant.** The Defendant suffers from hypertension and is on medication of Lisinopril. Mr. Kirby also has an inguinal hernia that requires surgery.

   3. **Substance abuse.** Mr. Kirby was injecting anabolic steroids in 2013 and during the time frame of his arrest in October 2015.

   4. **Education.** Mr. Kirby in 2001 obtained his GED after withdrawing from High School. Mr. Kirby has completed several college courses from Florida Community College in Madison Florida where he obtained a vocational certificate in law enforcement.

5. **Employment.** Mr. Kirby has been steadily working since 1997. Mr. Kirby has worked as a Law Enforcement officer from September 2003 until October 2015. He worked at the Live Oak police department form September 2003 to December 2005 and again from September 2006 to October 2015. Mr. Kirby also worked at the Suwannee County Sheriff's Office from December 2005 until September 2006. Mr. Kirby obtained the rank of Sergeant at the Live Oak Police Department. Mr. Kirby was involved in several community outreach programs at the area schools. He was well liked in his department and community. Mr. Kirby lost his employment and certification due to the instant offense.

## 2. THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE.

In this case, there has been a violation of the law. Accordingly, the crime should be punished in some fashion.

## 3. THE NEED FOR DETERRENCE & THE NEED TO PROTECT THE PUBLIC

The Defendant understands he will be given a prison sentence.

## 4. THE NEED TO PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE

This directive to the Court is difficult to address since it conflicts the instructions given to the Sentencing Commission in 28 U.S.C. § 994(k), which states that the "Commission shall insure that the guidelines reflect the general *inappropriateness* of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment." (Emphasis added).

The defendant is in need of mental health counseling.

3

## 5. THE KINDS OF SENTENCES AVAILABLE

The sentencing court is not bound by the guideline chart and its division into zones to determine whether a sentence of imprisonment is required or reasonable. Pursuant to 18 U.S.C. § 3582, the court is directed that "in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, the length of the term" it shall "consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting corrections or rehabilitation.

## 6. THE NEED TO PROVIDE RESTITUTION TO VICTIMS

There is restitution in this case.

## 7. THE APPLICABLE SENTENCING GUIDELINES RANGE

The guidelines in this case are draconian. The Guideline range is 1,440 months which a cumulation of the maximum statutory punishment for each count.

## 8. DEFENSE ARGUMENT FOR DOWNWARD VARIENCE

The Defense will be arguing that the minimum mandatory of 15 years should be ran concurrent for counts (1) through (3). The Defense will be arguing for a 15-year sentence for Mr. Kirby.

The defense is requesting a Downward Variance because of (1) Defendant's personal history (2) Defendant's community service (3) Defendant's excellent work history (4) Lack of criminal history and never having served jail time before and (5) Inflation of child pornography guidelines.

4

## 9. VARIENCE DOWNWARD DUE TO THE DEFENDANT'S PERSONAL HISTORY

"It requires no citation of authority to assert that children who are abused in their youth generally face extraordinary problems developing into responsible, productive citizens." *Santosky v. Kramer*, 455 U.S. 745, 789 (1982) (Rehnquist, J., joined by Burger, C.J., White, and O'Connor, J., dissenting). *See also United States v. Rivera*, 192 F.3d 81, 84 (2d Cir. 1999) ("It seems beyond question that abuse suffered during childhood - at some level of severity – can impair a person's mental and emotional conditions"). Therefore, district courts have commonly granted sentencing reductions where a defendant was victimized as a child. *See, e.g., United States v. Walter*, 256 F.3d 891 (9th Cir. 2001) (combination of brutal beatings by defendant's father, introduction of drugs and alcohol by his mother, and, most seriously, the sexual abuse by his cousin, which defendant suffered at young age, constituted the type of extraordinary circumstances justifying consideration of the psychological effects of childhood abuse and diminished mental capacity under § 5K2.13); *United States v. McBride*, 511 F.3d 1293 (11th Cir. 2007) (affirming sixty- seven month departure where court considered the murder of defendant's father, sever physical abuse defendant suffered at the hands of mother and uncle, sexual abuse he suffered by grandfather, and having been shuffled between foster homes until adulthood); *United States v. Patzer*, 548 F.Supp. 2d 612 (N.D. Ill. 2008) (imposing 13 years despite Guidelines range of 346-411 months in career offender case, partly in consideration of defendant's difficult childhood with an abusive family and undiagnosed ADHD); *United States v. Somerstein*, 20 F. Supp 2d 454 (E.D.N.Y. 1998) (granting a downward departure under § 5K2.0 based in part on defendant's difficult child victim of the Holocaust); *United States v. Ayers*, 971 F. Supp. 1197 (N.D. Ill. 1997) (granting departure based upon cruel childhood with relentless physical, sexual and psychological abuse over course of years).

This variance is applicable due to the defendant having no contact with his biological father until age 23 and being verbally and physically abused by his step-father.

## 10. VARIENCE DOWNWARD DUE TO THE DEFENDANT'S GOOD DEEDS AND PAST INTERGRITY; EXCEPTIONAL CHARITABLE, COMMUNITY OR MILITARY SERVICE

Mr. Kirby has worked 12 years as a Law Enforcement Officer with the exception of the present offenses his service has been commendatory. Mr. Kirby participated in outreach programs within the community to help the youth. Courts have also varied downward where the defendant's past behavior demonstrates charity, integrity, or devotion to public service. *See, e.g., United State v. Canova*, 412 F.3d 331, 358-59 (2d Cir. 2005) (affirming six-level downward departure based on extraordinary public service and good works where defendant, more than twenty years before sentencing in fraud case, served in Marine Corps' active reserves and as a volunteer firefighter, and more recently had acted as a "Good Samaritan" demonstrating his commitment to helping persons in distress was an instinctive part of his character); *United States v. Cooper*, 394 F. 3d 172 (3d Cir. 2005) (affirming four-level departure to probation in securities fraud and tax evasion case based on defendant's good work where defendant did not simply donate money to charity but organized and ran youth football team in depressed area and helped members attend better schools and go to college); *United States v. Warner*, 792 F.3d 847 (7th Cir. 2014) (affirming probationary sentence where tax evasion Guidelines were forty-six to fifty-seven months due to defendant's exceptional acts of charity and demonstrated concern for the welfare of others); *United States v. Baird*, 2008 WL 151258 (D. Neb. Jan. 11, 2008) (varying down by twenty-two months in child pornography case considering, among other factors, the

defendant's fifteen years in the military during which he served in Iraq and Afghanistan and received numerous commendations).

11. **VARIENCE DOWNWARD DUE TO THE DEFENDANT'S EXCELLENT WORK HISTORY.**

Mr. Kirby has worked steadily since 1997. A defendant's exemplary work history may also merit a sentencing reduction. (see, e.g. *Gall v. United States*, 552 U.S. 38, 42, 54 (2007) (affirming variant sentence of probation where, post arrest the defendant obtained a college degree and started his own successful business); *United States v. Jagmohan* 909 F.2d 61 (2d Cir. 1990)(downward departure from 15 to 21 months to probation where defendant had nine years of work history and showed lack of criminal sophistication by using personal check in bribery transaction, painting a picture of a person with a stable background whose involvement was a uncharacteristic mistake); U*ntied States v. Big Crow*, 898 F. 2d 1326, 1331-32 (8th Cir. 1990) (upholding downward departure for 23 year old defendant in assault case based on excellent employment record since age 17, despite an unemployment rate of 72% on Indian reservation); *United States v. Munoz-Nava*, 524 F.3d 1137 (10th Cir. 2008) (upheld sentence of one year and one day for defendant convicted of possession with intent to distribute 100 grams of heroin with Guideline range of forty-six to fifty-seven months, citing in part defendant's "long and consistent work history" at a legitimate job demonstrated by letters from employers).

12. **VARIENCE DOWNWARD DUE TO DEFENDENTS NEVER HAVING SERVED ANY TIME IN PRISON OR JAIL PREVIOUSLY**

Mr. Kirby has had no juvenile adjudications. Mr. Kirby has had no adult adjudications. District Courts have varied downward in sentencing where a defendant, regardless of criminal history points, has not previously served a significant custody term. See, e.g., *United States v*

*Collngton*, 461 F. Ed 805 (6th Cir. 2006) (upholding sixty month downward variance impart because defendant had only been incarcerated for seven months prior to his crime, despite being in Criminal History Category IV); *United States v. Newhouse*, 919 F. Supp. 2d 955 (N.D. Iowa 2013) (varying down from career offender range to a ninety-six month sentence where defendant's only two prior convictions resulted in probationary sentences); *United States v. Moreland*, 568 F.Supp 2d 674 (S.D. W. Va. 2008) (rejecting career offender Guideline range of 30 years to life to impose statutory minimum of 120 months for defendant whose remote and non-violent predicate convictions were cumulatively penalized by less than six months in jail.).

## 13. VARIANCE DOWNWARD DUE TO CHILD PRONOGRAPHY GUIDELINES BEING INFLATED.

Many courts have noted that, like the crack cocaine Guidelines, the child pornography Guidelines "are to a large extent, not the result of the Commission's exercise of its characteristic institutional role, which requires that it base its determinations on empirical data and national experience, but of frequents mandatory minimum legislation and specific congressional directives to the Commission to amend the Guidelines." *United States v. Henderson*, 649 F.3d 955, 962-63 (9th Cir. 2011). Thus, under *Kimbrough United States, 552 U.S. 85 (2007)*, "district courts may vary from the child pornography Guidelines, section 2G2.2, based on policy disagreement with them, and not simply based on individualized determination that they yield an excessive sentence in a particular case" Henderson., 649 F.3d at 963. See e.g., *United States v, Dorvee*, 616 F.3d 174, 188 taken this directive and departed or varied downward from the Guidelines in child pornography cases. See *United States v. Marshall*, 870 F.Supp. 2d 489 (N.D. Ohio 2012) (varying downward from 151-month bottom of the Guidelines to statutory mandatory minimum of sixty months, while criticizing mandatory minimum); *United States v.*

*Phinney*, 599 F. Supp. 2d 1037 (E.D. Wis. 2009) (sentencing defendant to six months where Guidelines range was 37 to 46 months) *United States v. Grinbergs*, 2008 WL 4191145 (D. Neb Sep. 8, 2008) (sentencing defendant to year and one day where Guideline range was forty-six to fifty seven months.)

## CONCLUSION

*"I HAVE ALWAYS FOUND THAT MERCY BEARS RICHER FRUITS THAN STRICT JUSTICE"*

ABRAHAM LINCOLN, SPEECH IN WASHINGTON D.C., 1865

In *Gall*, the Court quoted from the district court's order which stated that "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." 128 S. Ct. at 586. This is just such a case.

The sentencing procedure set forth in *Gall* necessitates a case-by-case approach, the hallmark of which is flexibility. In the last analysis, a sentencing court should not consider itself constrained by the guidelines to the extent that there are sound, case-specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale. See *United States v. Martin*, 520 F.2d 87, 91 (1st Cir. 2008).

**LAW OFFICE OF JAMES A. HERNANDEZ**

/s/ James A. Hernandez
**JAMES A. HERNANDEZ, ESQUIRE**
Florida Bar No. 0871303
118 W. Adams St., Ste 500
Jacksonville, FL 32202
Tel. (904) 354-4499/Fax (904) 354-4403
lawjimhernandez@aol.com
**ATTORNEY FOR DEFENDANT**

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Assistant U.S. Attorney D. Rodney Brown, 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202, electronic filing, this 9th day of March 2018.

//S// James A. Hernandez

James A. Hernandez
Attorney for Defendant